Ruby Beach, Administrator of the Estate of James Robert Dooley, Deceased, Plaintiff-Appellant, v. City of Springfield, County of Sangamon, State of Illinois, et al., Defendants-Appellees.

Gen. No. 10,359.

Third District.

October 18, 1961.

Flesher & Taylor, of Taylorville, for appellant.

Giffin, Winning, Lindner & Newkirk, of Springfield, for City of Springfield, Londrigan & Londrigan, of Springfield, for John Paul Starling & Fred Wassell, appellees.

ROETH, PRESIDING JUSTICE.

This suit was brought by the administrator of the estate of Robert Dooley, deceased, who on the 14th day of June, 1959, died by drowning in Lake Springfield, against the City of Springfield, owner of the lake, and John Paul Starling and Fred Wassell, lifeguards employed by the City of Springfield. The complaint contained three counts; the first two alleged negligence on the part of the City of Springfield. It is alleged that the City of Springfield maintained a water works on the lake and that a portion of said lake was set aside for the purpose of bathers and swimmers and a fee charged to the general public for the use of these swimming facilities. The decedent was 17 years old at the time he drowned. Count III of the complaint charged the individual defendants with negligence in failing to respond when summoned for help by companions of the decedent. Motions were filed on behalf of each of the defendants to dismiss the complaint. The substance of each motion was that the defendant City of Springfield was a municipal corporation and that in the construction, maintenance and operation of the lake, the City of Springfield was acting in its governmental capacity

and as such immune from liability not only for its own acts and the acts of the agents, but that the agents while performing the duties of the City in such governmental capacity were likewise immune from liability. On August 31, 1960, the court granted the motions of the defendants dismissing the complaint and entered judgment in favor of Starling and Wassell in bar of the action. On the same date the plaintiff filed, by leave of court, an amendment to the complaint, such amendment being in words and figures as follows:

> "Paragraph 9½. That the defendant City of Springfield, was at the time and the place indicated, carrying public liability insurance for injury to persons in the amount of $100,000 for each person and $500 deductible . . ."

On September 12, 1960, plaintiff filed a motion to vacate the order of August 31. The motion asked the court to reconsider the motion filed by the defendant City of Springfield. On October 6, the court entered an order striking the amended complaint and the plaintiff electing to stand by the amended complaint, judgment was entered in favor of the City of Springfield in bar of the action. On December 1, 1960, plaintiff filed its notice of appeal, seeking to appeal not only the judgment entered in favor of the City, but the judgment of August 31 against the individual defendants. From the record it is clear that the lower court predicated its decision on the doctrine of governmental immunity.

▆▆▆ The individual defendants make the contention that should be considered first and this relates to the matter of the appeal of the judgment of August 31, 1961, in bar of the action against Starling and Wassell. They contend that the appellant failed to

specify or describe the judgment in the notice of appeal as it relates to the individual defendants contrary to Supreme Court Rule 33. Plaintiff's Notice of Appeal is as follows:

"Please take notice that Plaintiff in the above entitled cause hereby appeals to the Appellate Court of Illinois, Third District, from an Order rendered and entered in the Circuit Court of Sangamon County, Illinois, on October 6, A. D. 1960, dismissing the Complaint as amended filed herein on behalf of the Administrator of the Estate of James Robert Dooley, Deceased, praying for damages for the wrongful death of the said James Robert Dooley against the CITY OF SPRINGFIELD, COUNTY OF SANGAMON, STATE OF ILLINOIS; JOHN PAUL STARLING; and FRED WASSELL, and judgment in favor of the Defendants and against the Plaintiff for costs of suit and bar of action.

"Plaintiff prays for an order of the Appellate Court reversing the Circuit Court dismissing Plaintiff's Complaint and requiring the Defendants CITY OF SPRINGFIELD, COUNTY OF SANGAMON, STATE OF ILLINOIS; JOHN PAUL STARLING; and FRED WASSELL to answer said Complaint."

This notice of appeal was served on counsel for defendant City of Springfield and the separate counsel for the individual defendants. Receipt was acknowledged by each of them. It will be noted that the notice appeals from the order of October 6, 1960, specifically, with reference to the order of August 31, 1960, in general terms. In People ex rel. Pickerill v. New York Cent. R. Co., 391 Ill 377, 63 NE2d 405, in discussing Supreme Court Rule 33, the Supreme Court said:

259

"The purpose of a notice of appeal under our practice is to inform the party in whose favor a judgment or decree has been rendered that the unsuccessful party desires a review of the case by a higher tribunal. If, when considered as a whole, the notice fairly and adequately sets out the judgment or decree complained of, or the part thereof objected to, the court to which the appeal is to go, and the relief sought from the reviewing court, in such a way that the successful litigant may be advised of the nature of the proceedings, the absence of strict technical compliance in connection with the form of the notice should not be fatal."

Further by virtue of the provisions of Sec 50(2) of the Civil Practice Act the judgment order of August 31, 1960, in favor of the individual defendants was not appealable until such time as the cause was finally disposed of as to City of Springfield on October 6, 1960.

Appellee City of Springfield contends that the rule of governmental immunity is applicable to this case since the incident out of which it arose occurred prior to December 16, 1959, the date of the Supreme Court's decision in Molitor v. Kaneland Community Unit Dist. No. 302, 18 Ill2d 11, 163 NE2d 89, and that the amended complaint failed to allege that the insurance carried by the defendant will indemnify it in the event plaintiff should recover a judgment against it or that said defendant will not suffer the depletion of its public revenues or trust funds in that event.

██ ██ Some time is consumed in the briefs of the parties to the argument of governmental immunity and its application to the case at bar, the contention being that the City was performing a governmental rather than a proprietary function. Despite this argument, however, it appears to be conceded that the injury,

260

occurring as it did prior to the Molitor case, supra, is not compensable under the doctrine of governmental immunity, laying aside the question of insurance for the moment. We do not, however, deem this determinative of the action. There apparently was insurance and the only question is whether or not the amended complaint alleges sufficient facts that show not only a cause of action, but sufficient insurance to cover the loss, thus bringing the case within the rule of Thomas v. Broadlands Community Consol. School Dist. No. 201, 348 Ill App 567, 109 NE2d 636, and Lynwood v. Decatur Park Dist., 26 Ill App2d 431, 168 NE2d 185. These cases hold in substance that liability will follow to the extent of insurance coverage for the negligent injury of a person by a public body otherwise immune to suit. The heart of each of these cases is not founded on a refinement of old decisions but upon the practical proposition that the loss will be sustained by an insurance carrier who accepted the burden of indemnifying the public body and who in return received good and valuable consideration for accepting the risk. It is ludicrous to contend that anyone can enter into an indemnifying contract and then refuse to fulfill the contract against the injured party, contending in substance that there is no basis for the suit for there was no risk to be insured. If a public body is immune for its negligent acts and it sees fit to purchase liability insurance using public funds and an insurance carrier sees fit to accept such public funds where under the law such insurance is not essential to prevent the misappropriation of public funds for such tortuous acts, it would then appear that the insurance carrier should not be able to hide behind the curtain of immunity.

The complaint as to the City of Springfield alleged that the city owned land for water works purposes and maintained on said land a body of water called Lake

261

Springfield; that decedent was a swimmer or a bather in the lake on June 14, 1959, having paid the required fees for admission to said lake and was in the exercise of due care for his own safety; that the city had a duty at the time and place to keep the lake in a good and safe condition so as to prevent injuries to persons using the same; that the individual defendants were employees of the city and were improperly and insufficiently equipped to perform their duties; that the defendant carelessly and negligently suffered and permitted the lake to become and remain in an unsafe condition at the place where decedent drowned and that the city either had notice or should have had notice of such condition; that by reason of the negligence and improper conduct of the city, decedent drowned. The complaint alleges facts relating to the administration of the decedent's estate, the loss of money and services to his next of kin and the giving of proper and timely notice to the city of the injury. The amendment to the complaint charges, "That the defendant City of Springfield, was at the time and place indicated, carrying public liability insurance for injury to persons in the amount of $100,000 for each person and $500 deductible. . ." with an insurance carrier.

Appellees contend that there is nothing in the record to indicate whether the policy of insurance referred to covers injuries to persons as a result of negligent acts of the city and its agents when engaged in governmental functions or if the policy is limited to their proprietary activities. We cannot agree with such contention. Paragraph 9½ of the complaint alleges that the city at the *time and place indicated* carried public liability insurance. Without question this has reference to other portions of the complaint and is reference not only to the date of the drowning but the place of the occurrence. The entire complaint

262

alleges the tortuous act by the city while performing a governmental function. Further it appears that interrogatories were filed by the plaintiff in which the following was asked and answered:

"Was there a policy or contract of insurance providing public liability covering Lake Springfield and Lake Park Beach at the time and place referred to in the complaint?

Answer: Yes."

Other interrogatories give the information to the plaintiff relating to the amount of insurance and policy number.

Appellees further contend that the insurance company may have many defenses to any attempt to collect a judgment against the city from the company. How plaintiff would ever be able to ascertain this before obtaining judgment is somewhat of a mystery, or how he could allege sufficient facts in his complaint to establish that such defenses did not exist is even harder to conceive. If such defenses existed then it would behoove the city to make such allegation and affirmatively establish the same. Marabia v. Mary Thompson Hospital, 309 Ill 147, 140 NE 836; Moore v. Moyle, 405 Ill 555, 92 NE2d 81. The proposition as put by the appellees has been ever present in cases of this sort. It could well be that a determination that an insurance carrier was not liable under its contract to a governmental body would have the effect of making a judgment against such governmental body uncollectible, but whatever the law in that regard may be, is for future determination and not a problem we are presented with at this time.

Finally the appellees contend, in substance, that under the pleadings the city would be liable to pay out of public funds the first $500 of any judgment rendered against it. No such contention is made by appel-

lant. The allegation is that the city carried public liability insurance for injury to persons in the amount of $100,000 for each person and $500 deductible. There is no mystery to the meaning of these words. We hold that while immunity may lie with the city for a judgment up to $500 it does not lie for any judgment over that. In short, that in cases of this type, collectibility of the judgment is the underlying feature of the immunity. Plaintiff, if successful, should be able to collect only the amount of her judgment over and above the $500 deductible provisions of the policy, but this does not diminish the right or jurisdiction of the court to hear the same because of this deductible provision. Finally it would appear that public policy dictates that where premiums are paid for protection out of public funds to protect persons injured as a result of the negligence of the insured, the insurance company should be foreclosed, estopped or prevented from asserting a defense of the sort set forth here.

For the reasons herein contained, the judgment of the lower court is reversed and the cause remanded to the Circuit Court with directions to require the defendants to answer the amended complaint.

Reversed and remanded.

REYNOLDS and CARROLL, JJ., concur.