480 P.2d 654

**WHITE MOUNTAIN APACHE INDIAN TRIBE, Barry DeRose and Hal Butler, Petitioners,**

v.

**Melvyn T. SHELLEY, a Judge of the Superior Court of the State of Arizona, and Frank Magini, Respondents.**

**No. 10216.**

Supreme Court of Arizona,
In Banc.
Feb. 11, 1971.

Cavness, DeRose & Senner, by Barry DeRose & Jack C. Cavness, Phoenix, for petitioners.

Lewis & Roca, by John P. Frank, Joseph E. McGarry and Edward M. Lewis, Phoenix, for respondents.

HAYS, Vice Chief Justice.

Respondent, Frank Magini, entered into a road construction contract with the Fort Apache Timber Company (hereinafter referred to as FATCO). Alleging that FATCO had breached the contract, respondent filed suit in the Navajo County Superior Court. In addition to FATCO, respondent named petitioners Barry DeRose and Hal Butler as parties to the suit. Petitioner DeRose is general counsel for the White Mountain Apache Indian Tribe (hereinafter referred to as TRIBE) and FATCO, while petitioner Butler is general manager of FATCO.

In the court below, respondent judge ruled that FATCO was a legal entity separate and apart from the TRIBE and thus FATCO did not enjoy the TRIBE's immunity from suit. It was his opinion that FATCO was in the status of a corporation by estoppel and/or de facto corporation; however, he withheld ruling on the issue concerning the jurisdiction of state courts over disputes arising out of contracts to be performed on an Indian reservation. Respondent judge requested additional memoranda on this issue.

Petitioners are before this court seeking special action relief prohibiting respondent judge from exercising further jurisdiction over petitioners. This case presents two issues for decision by this court: (1) Does the superior court have jurisdiction over FATCO, and (2) does the superior court have jurisdiction over petitioners DeRose and Butler?

Whether or not the superior court has jurisdiction over FATCO depends upon whether FATCO is a part of the TRIBE or exists as a legal entity separate and distinct from the TRIBE. In Morgan v. Colorado River Indian Tribe, 103 Ariz. 425, 443 P.2d 421 (1968) we recognized that an Indian tribe is a dependent sovereign not subject to the jurisdiction of the courts of this state absent its consent or the consent of Congress. *See* Williams v. Lee, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959); United States v. United States Fidelity & Guaranty Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940). In the instant case, respondent Magini concedes that "[i]f FATCO were an Indian tribe, it could not be sued by respondent Magini in the Superior Court of Navajo County, or anywhere else." Supplemental Brief of Respondent at pages 15–16.

The Constitution of the White Mountain Apaches provides the authority for the creation of a company such as FATCO. Article V entitled "Powers of the Council" provides:

"Section 1. In addition to all powers vested in the White Mountain Apache Tribal Council by existing law, the White Mountain Apache Tribal Council shall exercise the following powers, subject to any limitations imposed by the Constitution or the Statutes of the United States applicable to Indians or Indian Tribes, and subject further to all expressed restrictions upon such powers contained in this constitution and by-laws:

\* \* \* \* \* \*

(i) To manage all economic affairs and enterprises of the tribe including tribal lands, timber, sawmills, flour mills, community stores, and any other tribal activities.

\* \* \* \* \* \*

(s) To regulate its own procedures, to appoint subordinate committees, commissions, boards, advisory or otherwise, tribal officials and employees not otherwise provided for in this Constitution and By-laws, and to regulate subordinate organizations for economic and other purposes." Amended Constitution and By-laws of the White Mountain Apache Tribe of the Fort Apache Indian Reservation Arizona (1958)."

The import of this language is that the TRIBE has the authority to create subordinate organizations for economic purposes. It is apparent that FATCO is such a subordinate economic organization. This conclusion is supported by the provisions of the "Plan of Operation" of FATCO (hereinafter referred to as Plan). According to the Plan FATCO was created for the following purposes:

"To promote the economic development of the White Mountain Apache Tribe and its members, through efficient utilization of the tribal timber resources; to earn a net profit; to provide business training for members of the Tribe and the White Mountain Apache Tribal Council; to economically and efficiently manufacture lumber or other timber products at a profit while providing employment opportunities for members of the Tribe." Plan at page 2.

It is apparent from this language that FATCO was created by the TRIBE as a subordinate economic organization pursuant to Article V, sections 1(i) and (s) of its Constitution.

Respondent Magini urges that FATCO is a corporation by estoppel because it held itself out to respondent as a separate and distinct business enterprise. This position is not supported by the "Plan of Operation." The following passages from the Plan make it clear that FATCO is a part of the TRIBE: "Because of the relationship of the Company to the Tribe, no performance bond will be required under the subsidiary lumber sales contract." (Plan at p. 8); "[a]ll general business management and operation policies and procedures of the Company will be determined by a Board of five members, four of whom shall be selected by the Tribal Council from outside the Council membership. * * *" (Plan at p. 8); "The Tribal Council may suspend a Board member for cause." (Plan at p. 10); "Qualification requirements for membership on the Board shall be established by the Tribal Council.

* * *" (Plan at p. 10); "[t]he Board will have full authority to act for and on behalf of the Tribe in all phases of the Company's operations." (Plan at p. 11); "Compensation of Board members * * * will be determined by the Tribal Council and paid from Company funds." (Plan at p. 11); "Such other funds and properties as may be advanced, given or loaned to the Company by the White Mountain Apache, which is the legal owner of the Company. * * *" (Plan at p. 13); "All purchases shall be routed through the Tribal Purchasing Agent. * * * Purchasing shall be in accordance with the Tribal Purchasing Policies." (Plan at p. 14); "Title to all property except that acquired or produced for resale, and non-recoverable items or supplies considered expendable purchased or acquired by the Company shall be taken in the name of the White Mountain Apache Tribe." (Plan at p. 16).

■ It is apparent from the "Plan of Operation" that FATCO is a subordinate economic organization of the TRIBE. The "Plan of Operation" taken as a whole makes this clear; therefore, we find no support for respondent Magini's argument that FATCO held itself out as a business entity separate and distinct from the TRIBE. Since FATCO did not hold itself out as a separate and distinct entity there is no basis for corporation by estoppel. See 18 Am.Jur.2d, Corporations § 79, p. 619.

■ Respondent Magini next urges that FATCO should be treated as a governmental corporation or federal instrumentality and thus not immune from suit. See, e. g., Keifer & Keifer v. Reconstruction Finance Corporation, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939); Sloan Shipyards Corporation v. United States Shipping Board Emergency Fleet Corporation, 258 U.S. 549, 42 S.Ct. 386, 66 L.Ed. 762 (1922). It must be remembered that we are dealing with a dependent sovereign and not a federal instrumentality. See Martinez v.

Southern Ute Tribe of Southern Ute Reservation, 249 F.2d 915, 919 (10th Cir. 1957). We believe it would defeat the purpose of Congress in granting immunity to Indian Tribes were we to treat a subordinate economic organization of an Indian tribe as governmental corporations or federal instrumentalities are treated. If it is the intent of Congress that such organizations be treated as governmental corporations or federal instrumentalities it is a matter best left to Congress for action.

■ In a related argument respondent Magini takes the position that since FATCO was created for commercial purposes as opposed to governmental purposes it should not be immune from suit. In Maryland Cas. Co. v. Citizens Nat. Bank of West Hollywood, 361 F.2d 517 (5th Cir. 1966) the court held that the fact that the tribe in that case "was engaged in an enterprise private or commercial in character, rather than governmental, is not material. It is in such enterprises and transactions that the Indian tribes and the Indians need protection." 361 F.2d at page 521. We reached a similar conclusion in Morgan v. Colorado River Indian Tribe, supra.

■ In the court below respondent judge also ruled that FATCO was a de facto corporation. In order for a de facto corporation to exist there must be "(1) a valid law under which a corporation with the powers assumed might be incorporated; (2) a bona fide attempt to organize a corporation under such law; and (3) an actual exercise of corporate powers." 18 Am.Jur.2d, Corporations § 51, p. 595. In the instant case there is no allegation nor is there any evidence that there was any attempt to incorporate FATCO; therefore, there is no basis for the finding that FATCO is a de facto corporation.

■ It is the opinion of this court that FATCO is a part of the TRIBE and as such enjoys the same immunity from suit that the TRIBE enjoys absent its consent or the consent of Congress to waive this immunity. Since there is no allegation nor

evidence of such a waiver in the instant case we hold that the superior court does not have jurisdiction over FATCO.

It now becomes necessary to determine whether the superior court has jurisdiction over petitioners DeRose and Butler. In his complaint, respondent Magini alleges that petitioners DeRose and Butler "maliciously induced defendants Fort Apache Indian Tribe to breach their contractual obligations with plaintiff. * * *" Petitioners DeRose and Butler argue that as public officials of FATCO they are protected by the same immunity which protects FATCO.

■ A public official is entitled to immunity from suit for actions taken by him within the scope of his duties as a public official. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). The actions of a public official can be the basis for an individual suit against the officer as an individual if his actions are beyond his statutory authority. Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 1007, 10 L.Ed.2d 15 (1963). See also Larson v. Domestic & Foreign Commerce Corporation, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). In Davis v. Littell, 398 F.2d 83 (9th Cir. 1968), the court held that the general counsel of a tribe enjoyed executive immunity from liability for defamation of his assistant in reporting to the tribal counsel his views as to the competence and integrity of the assistant. The court in deciding whether such general counsel is an official of the tribe, said:

"Certainly appellee's position with the Tribe was not a public office in the ordinary sense. It was employment under contract and terminable as such. (citations omitted). But this fact should not control in the disposition of the instant problem.

The need for absolute privilege is in the elimination of the 'constant dread of retaliation' for injury committed in the course of duty and the allowance of 'unflinching discharge of [official] duties'

free from the threat of suit and charge of malice. (citations omitted).

The question, then, is not how the position is filled or the security of its tenure but whether it encompasses public duties, official in character. Here the Tribal Code * * * prescribes that the office of general counsel shall 'Perform those functions generally required of a General Counsel's office in organizations engaged in the administration of public affairs.' Duties are not limited to representing the Tribe in its disputes with others. They include advice with respect to the administration of the public affairs of the Tribe." 398 F.2d at page 85.

The court in *Davis* also noted that simply because a tribe "finds it necessary to look beyond its own membership for capable legal officers, and to contract for their services, should certainly not deprive it of the advantages of the rule of privilege otherwise available ot it." 398 F.2d at page 85.

■ It is the opinion of this court that petitioners DeRose and Butler, as officers of FATCO, are entitled to executive immunity for their actions on behalf of FATCO which are within the scope of their respective duties as general counsel and general manager of FATCO. They are not immune from being sued individually, however, for any actions in excess of their duties as general counsel and general manager, respectively

Petitioners' request for special action relief is granted to the extent that the superior court is prohibited from exercising further jurisdiction over FATCO. It is denied, however, to the extent that the Superior Court may assume jurisdiction over petitioners DeRose and Butler for the purpose of determining if they acted in excess of their official duties as alleged by respondent Magini.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and CAMERON, JJ., concur.