*In re* ANNEXATION OF CERTAIN TERRITORY TO THE CITY OF DARIEN—
(THOMAS DUBLINSKI *et al.,* Objectors-Appellees.)

(No. 72-57;

Second District—December 10, 1973.

F. Willis Caruso and Barbara G. Caruso, both of LaGrange, for appellants.

William A. Redmond, of Bensenville, for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

After a hearing on objections to an annexation petition, the circuit court of Du Page County entered an order on April 12, 1971 which recited that the objections to the annexation petition were timely filed and directed that the seven parcels which were the subject of the objec-

tions were to be deleted from the requested annexation. On November 29, 1971, the circuit court entered its last order which stated that the annexation petition conformed to Article 7, Division I of the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 7—1—1 *et seq.*), and directed that the question of annexation be submitted to the corporate authorities of the annexing municipality, the City of Darien.

Within thirty days of the entry of the November 29, 1971 order, petitioners, a substantial number of property owners living within the tract of land sought to be annexed, filed their notice of appeal which designated the April 12th, 1971 order as the one appealed from. Essentially, petitioners contend that six of the seven objectors who filed objections to the proposed annexation did not file within the time prescribed by the Illinois Municipal Code (*supra*, par. 7—1—3). In response, the Objectors-Appellees, owners of seven parcels within the tract sought to be annexed, question the timeliness of this appeal; thus contending that we do not have jurisdiction to consider the merits of the case.

The petitioners commenced this annexation proceeding on March 30, 1970 by filing an appropriate petition. No order was entered by the circuit court judge setting a date for hearing on the petition, although notice of the filing of the petition was published on April 11, 1970 and designated "April 29th" as the date set for hearing on the petition.

One of the Objectors-Appellees, Thomas Dublinski, filed an objection to the annexation petition on April 24th, 1970. (The timeliness of Dublinski's objection is not questioned in this appeal.) No hearing was had on this date, and on October 8, 1970, upon Dublinski's motion, the circuit court judge allowed the owners of five other parcels within the tract sought to be annexed to join with Dublinski in an amended objection to the annexation. The court thereupon entered an order deleting the six parcels from the proposed annexation. This was the first of two orders entered pertaining to the objections to the requested annexation. The petitioners filed a motion to vacate this order, but no hearing on the motion was ever held.

The last objection to the requested annexation was filed by another property owner, Cities Service Oil Company, on January 19, 1971; approximately nine and one-half months after the annexation petition had been filed. At the time this last objection was filed no hearing had ever been held to determine the validity of the annexation petition.

The facts just related precipitated the entry of the circuit court's order of April 12, 1971 here appealed from. This was the last order entered concerning the objections to the annexation. The order stated that no date for hearing on the annexation petition had ever been set by order of court, and thus the objections had been timely filed. The

order further required that the seven parcels owned by the objectors were to be deleted from the proposed annexation.

The annexation proceeding did not again come before the circuit court until November 29, 1971 when a hearing was finally had on the validity of the petition. After this hearing, the circuit court entered its last order which recited, among other things, that the petition conformed to the statutory requirements of the Illinois Municipal Code, *supra*.

The Objectors-Appellees contend that the April 12th, 1971 order from which this appeal is taken, was a final and appealable order. They argue that the petitioners should have appealed from this order immediately rather than waiting until the entire cause was terminated upon entry of the last order on November 29, 1971.

■■ It is rudimentary that a judgment or decree is final and reviewable when it terminates the litigation on the merits of the case and determines the rights of the parties (*Almon v. American Carloading Corp.* (1942), 380 Ill. 524, 44 N.E.2d 592), either upon the entire controversy or upon some definite and separate part of it. (*Village of Niles v. Szczesny* (1958), 13 Ill.2d 45, 147 N.E.2d 371; *Peach v. Peach* (1966), 73 Ill.App. 2d 72, 218 N.E.2d 504.) A final order, however, need not dispose of all the issues presented by the pleadings. *Lakatos v. Prudence Mutual Casualty Co.* (1969), 113 Ill.App.2d 310, 252 N.E.2d 123.

■■ Having noted these basic procedural tenets, it is relevant to point out that there are essentially two issues inherent in an annexation proceeding in Illinois: Firstly, whether the petition conforms to the requirements set forth in Sec. 7—1—1 *et seq.* of the Illinois Municipal Code, *supra;* and secondly, whether the objections to the requested annexation have been filed within the time prescribed in the Municipal Code and whether they are proper.

■■ The April 12, 1971 order pertained only to this second issue in the annexation proceeding. It terminated the litigation between the parties and disposed of their rights as to the issue of the propriety and timeliness of the objections. Therefore, it was final in nature. (*Peach v. Peach, supra; In re Estate of Ireland* (1971), 132 Ill.App.2d 157, 267 N.E.2d 681.) However, only one of the two annexation issues was finally resolved by this order thus bringing Illinois Supreme Court Rule 304 (a) into operation which controls the timing of appeals from final judgments that do not dispose of the entire cause of action. Ill. Rev. Stat. 1971, ch. 110A, par. 304 (a).

■■ The effect of Rule 304 (a) is to postpone until the termination of the litigation the time for appealing such a final order, unless the trial court expressly finds that "there is no just reason for delaying enforcement or appeal" of the order. This express finding enables immediate

appeal of a final order as to fewer than all parties or issues. (*Goodrich v. City National Bank & Trust Co.* (1969), 113 Ill.App.2d 471, 251 N.E. 2d 548.) If the trial court does not make such a finding, the time for appealing from the order does not commence until entry of the final order which adjudicates all, or the remaining, claims or rights of the parties. *Beach v. City of Springfield* (1961), 32 Ill.App.2d 256, 177 N.E.2d 436; P. Tone and Stifler, *Joinder of Parties and Consolidation of Multiparty Actions* (1967), Ill. L.F. 209, 230-31.

Accordingly, since the final order of April 12, 1971 did not contain the express finding required by Rule 304 (a), it did not become appealable until the order of November 29, 1971 was entered which adjudicated the remaining issue in the annexation proceeding, *i.e.*, the petition's validity. Our consideration is now directed to the merits of the case presented in this appeal.

Petitioners filed their annexation petition on March 30, 1970. Whether the objections to the petition were filed on time necessitates a consideration of the relevant sections of the Illinois Municipal Code, *supra.* Section 7—1—2 of the Code, provides in pertinent part:

"The judge of the circuit court shall *enter an order fixing the time for the hearing* upon the petition and the day for the hearing shall be not less than 20 nor more than 30 days after the filing of the petition * * *." [Emphasis added.]

And Section 7—1—3 of the Code continues, in part:

"After the filing of the petition but not less than 5 days prior to the *date fixed for the hearing*, any interested person may file with the circuit clerk his objections * * *." [Emphasis added.]

■■ The language contained in these two sections is clear and unequivocal. The sections evince a legislative intent of limiting the time within which interested persons may file objections to an annexation petition. The indispensable act which triggers the running of this limitation period is the entry of an order by the circuit court judge setting a date for hearing on the annexation petition. This court will take notice of the fact that when an order is "entered" it becomes of record in the case either as a written document placed in the file, or by being placed in the circuit court clerk's docket book. Consequently, if such an order is not entered by the circuit judge, the limitation period for filing objections does not begin to run. (*c.f. In re Village of Mettawa* (1961), 33 Ill. App.2d 38, 178 N.E.2d 895.) The effect of such an omission is to allow objections to an annexation petition to be filed any time after the filing of the petition, but not less than five days prior to the date ultimately, in fact, fixed by court order for hearing on the petition.

■■ In the case before us, the petitioners published a notice that a hearing on the annexation petition was set for "April 29." The record, however, is devoid of any indication that the circuit court judge entered an order fixing that date, or any other date, as the time for hearing on the petition. Nevertheless, petitioners urge that an order was entered although it might have been an oral one, or, if written, was lost. Petitioners also state in their brief that a hearing was actually conducted on April 29, 1970. We cannot, however, take cognizance of these contentions because they are matters outside of the record. (*Perez v. Janota* (1969), 107 Ill.App.2d 90, 246 N.E.2d 42.) Furthermore, counsel for petitioners cannot supplement the record before us by unsupported statements in either his brief or argument. *County Board of School Trustees v. Bendt* (1961), 30 Ill.App.2d 329, 174 N.E.2d 404.

As a result, since no court order fixing a hearing date had been entered in this case when the objections to the petition were filed, the limitation period contained in Section 7—1—3 of the Municipal Code, *supra,* had not begun to run. Accordingly, the objections were filed on time.

■■■ Finally, the fact that the circuit court judge did not enter an order fixing a hearing date within the time prescribed by Section 7—1—2 of the Illinois Municipal Code, *supra,* did not affect the validity of the proceedings which followed. This is so because this statutory requirement is merely directory rather than mandatory. (*See People ex rel. Hopf v. Village of Bensenville* (1971), 132 Ill.App.2d 907, 272 N.E.2d 50.) A mandatory provision in a statute is one which renders the proceeding to which the provision relates void and illegal if the provision is omitted or disregarded. A directory provision, however, is one the observance of which is not necessary to the proceeding's validity. (*People ex rel. Agnew v. Graham* (1915), 267 Ill. 426, 108 N.E. 699.) To determine whether a provision is mandatory or directory our supreme court stated in *Siedschlag v. May* (1936) 363 Ill. 538, 543, 2 N.E.2d 836, 838:

> "No universal rule can be given to distinguish between directory and mandatory provisions. The controlling question in this as in all other rules of construction is, what was the intention of the Legislature?"
>
> \* \* \*
>
> If the statute only provides that certain things shall be done in a given way and at a certain time, and there is no declaration that conformity to these provisions is essential to the validity of the [statutory proceeding], the statute will be construed to be directory and not mandatory."

Applying this test to that portion of Section 7—1—2 of the Illinois Municipal Code quoted above, indicates an intention of the Legislature that this provision be directory in nature.

In accordance with the above reasoning the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

SEIDENFELD and T. MORAN, JJ., concur.