34 Ill. App.3d 30 (1975)
339 N.E.2d 375
MICHIGAN NATIONAL BANK, Plaintiff-Appellee,
v.
AMERICAN NATIONAL BANK & TRUST COMPANY, Defendant-Appellee, Cross-Appellant.  (AMERICAN NATIONAL BANK & TRUST COMPANY, Defendant and Third-Party Plaintiff-Appellee,
v.
VALLEY BANK OF NEVADA, Third-Party Defendant-Appellant.)
No. 60616.
Illinois Appellate Court  First District (3rd Division).
November 6, 1975.
Mark S. Lieberman and Jack B. Schmetterer, both of Gottlieb and Schwartz, of Chicago, for appellant Valley Bank.
Gary M. Elden and William J. Gibbons, both of Kirkland & Ellis, of Chicago, for appellee American National Bank & Trust Co.
George M. Covington, of Gardner, Carton & Douglas, of Chicago, for appellee Michigan National Bank.
Judgment affirmed.
Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:
This appeal involves a lawsuit and a third-party action generated by the forgery of a payee's indorsement. The drawee, Michigan National Bank, reimbursed the drawer and sued the collecting bank, American National Bank & Trust Company, in the circuit court of Cook County upon American's warranty of good title and guarantee of prior indorsements. American filed a third-party claim against the depositary bank, *31 the Valley Bank of Nevada, on the same grounds. The trial court granted summary judgments for plaintiff Michigan against defendant American, and for third-party plaintiff American against third-party defendant Valley. The Valley Bank of Nevada argues on appeal that the trial court erred by granting the motions for summary judgments because there were genuine issues of material fact.
We affirm.
The pleadings reveal the following pertinent facts. On July 12, 1968, Max Larsen drew a check for $10,000 on his account at the Michigan National Bank in Battle Creek, Michigan, and then mailed the check to Edward B. Stanton. The check was deposited into the account of a customer in the Valley Bank of Nevada in Las Vegas, Nevada. Valley sent the check to American for collection, and American presented the check to Michigan for payment. Michigan, the drawee bank, paid the check on July 19, 1968.
The drawer's affidavit states that in February 1970, he was notified by the payee that the check was never received. The drawer searched through his cancelled checks and found the paid check in question. Six months later, on August 6, 1970, the drawer notified his bank that the payee never received the check and the letter of notification alluded to the forgery of the payee's indorsement. Five months later, on January 13, 1971, the payee executed an affidavit of forgery. Thereafter, Michigan made a claim against American on American's warranty of good title under section 4-207(1) of the Uniform Commercial Code (hereinafter UCC) and guarantee of prior indorsements. (Ill. Rev. Stat. 1971, ch. 26, par. 4-207(1).) American similarly proceeded against Valley. Lawsuits were filed and various motions for summary judgment were presented to the trial court, which ruled in favor of the respective plaintiffs. The respective defendants' motions for reconsideration and rehearing were denied, and this appeal follows.
The issue raised on appeal is whether a genuine issue of any material fact existed so that the trial court should not have granted summary judgment for the plaintiff and third-party plaintiff. Valley's position is that the drawer's affidavit submitted with Michigan's motion for summary judgment reveals that Larsen was negligent in failing to notify the drawee bank within a reasonable time of his discovery of the forgery, and that therefore Michigan had a defense which it should have interposed against the drawer. Valley contends that Michigan's failure to interpose the defense invoked UCC section 4-406(5), thereby preventing Michigan from asserting against either American or Valley any claim based upon a forged indorsement. Ill. Rev. Stat. 1971, ch. 26, par. 4-406 (5).
*32  1 It is a settled rule of commercial law that the drawer of a check who has notice of a forged indorsement has the duty to exercise reasonable care to investigate and to inform the drawee bank. (UCC section 4-406, Official Comment No. 6.) Should the drawer unreasonably delay in giving notice, the person liable for the breach of warranty of good title is "discharged to the extent of any loss caused by the delay in making claim." UCC section 4-207(4); Ill. Rev. Stat. 1971, ch. 26, par. 4-207(4).
 2 In the case at bar, Valley argues that the drawer unreasonably delayed in notifying the drawee of the suspected forgery. Assuming that the facts indicate that the delay of six months was unreasonable, the question must be whether any party sustained a loss caused by the delay. The pleadings and affidavits presented to the trial court at the proceedings below do not mention or even allude to any losses caused by the delay. Valley attempts for the first time on appeal to introduce facts which show that it may have sustained a loss due to the delay, but we cannot take cognizance of such facts. (In re Annexation of Certain Territory to the City of Darien (1973), 16 Ill. App.3d 140, 145.) Valley had an opportunity to submit affidavits on this point below, but did not do so. We must conclude that based upon the pleadings and affidavits filed, there was no genuine issue as to any material fact and the respective plaintiffs were entitled to judgment as a matter of law so that the trial court did not err in granting the motions for summary judgment. Ill. Rev. Stat. 1971, ch. 110, par. 57(3); Carruthers v. B.C. Christopher & Co. (1974), 57 Ill.2d 376, 380.
Valley's argument concerning Michigan's delay in notifying American is raised for the first time on appeal, and will therefore not be considered.
For the abovementioned reasons, the judgment of the circuit court of Cook County is affirmed.
Judgment affirmed.
DEMPSEY and McNAMARA, JJ., concur.