570 P.2d 803

**James D. GRAVES and Eleanor Graves, husband and wife, Appellants,**

v.

**WHITE MOUNTAIN APACHE TRIBE OF the FORT APACHE INDIAN RESERVATION, dba Fort Apache Timber Company, Continental Insurance Co., a New York Corporation, and Hal Butler and Peggy Butler, Appellees.**

No. 1 CA–CIV 3089.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 20, 1977.

Rehearing Denied Oct. 20, 1977.

Review Denied Nov. 1, 1977.

Meyer & Vucichevich by Henry G. Hester, Phoenix, for appellants.

Moore & Romley by Robert A. Scheffing, Phoenix, for appellees.

## OPINION

DONOFRIO, Judge.

This is an appeal by the plaintiffs below from the trial court's order granting a motion to dismiss their complaint with prejudice. The complaint was filed by the plaintiffs against The White Mountain Apache Tribe of Fort Apache Indian Reservation, an Indian Nation d/b/a Fort Apache Timber Company, Continental Insurance Company, a New York corporation and Hal Butler and his wife Peggy Butler, all defendants below.

We are called upon to determine whether the trial court erred in its ruling by applying the doctrine of tribal immunity to bar plaintiffs' cause of action against the Indian tribe, its agent and the insurance carrier.

The suit was filed as a personal injury action arising out of an accident which occurred on the Indian reservation. Plaintiff, James D. Graves, received his injuries by coming into contact with an electric line while working at loading wood chips at the Fort Apache Timber Company (FATCO) sawmill at Cibeque, Arizona. The complaint alleged that the injuries were by virtue of the negligence of FATCO which is a tribal enterprise of the White Mountain Apache Tribe; that Continental Insurance Company insured said tribe against liability for the negligent acts of the tribe, its agents and employees; and that Hal Butler on behalf of the community composed of himself and wife, Peggy, was sued as the agent of the tribe acting in the scope of his duties and in furtherance thereof.

Appellant's attack on the trial court's ruling is two-pronged: First, they urge that this Court reconsider the doctrine of tribal immunity in the light of economic realities and that this Court do away with or limit the application of the doctrine in this case. They urge that by immunizing the tribes from these types of lawsuits the courts are not accomplishing the goals of furthering tribal interests. They contend that because of the doctrine of immunity third parties are not protected when dealing with the tribes. Consequently, they say, integration of the tribe into the mainstream of the Arizona economy is slowed down by the reluctance of outsiders to deal with the Indian tribes because of this. Secondly, they contend that we should hold with the rationale, adopted elsewhere, namely, that a sovereign waives the protection of sovereign immunity to the extent that it acquires liability insurance. See, e. g., *Beach v. City of Springfield,* 32 Ill.App.2d 256, 177 N.E.2d 436 (1961).

Appellees on the other hand defend the trial court's ruling on the basis that our Supreme Court has passed upon the same issues and that the tribe and its operation of FATCO are immune from suit citing *White Mountain Apache Indian Tribe v. Shelley,* 107 Ariz. 4, 480 P.2d 654 (1971), and *Morgan v. Colorado River Indian Tribe,* 103 Ariz. 425, 443 P.2d 421 (1968). We agree with appellees.

In *Shelley* governmental immunity was held to apply to *FATCO* and to the General Manager (Butler)[1] for his actions on behalf of the tribe if done within the scope of his duties as such agent. In *Morgan* such executive immunity was held to apply in tort cases. Appellants do not question these holdings but are urging that since this case

---

1. It is to be noted that the name Hal Butler is the same in both *Shelley,* supra, and the present case, and that he is sued as the agent of the tribe in both cases.

has the additional fact situation of the tribe purchasing liability insurance covering negligence that we should rule differently. In other words, that we should adopt the reasoning of certain cases involving the waiver of municipal sovereign immunity and hold that the tribe by taking out insurance has waived its governmental immunity. We do not agree with appellants.

With reference to the argument concerning the slowing down of the integration of the tribe into the mainstream of the Arizona economy, i. e., the clash between the policies protecting Indians and those seeking to have them assimilated into the general population, this is a matter only Congress and the tribe can resolve, and it is not for this Court to make such a determination. When this Court attempted to review former Supreme Court opinions in the light of changing problems in our society our Supreme Court in *McKay v. Industrial Commission,* 103 Ariz. 191, 438 P.2d 757 (1968), in no uncertain terms let us know:

"Whether prior decisions of the highest court in the state are to be disaffirmed is a question for the court which makes the decision. Any other rule would lead to chaos in our judicial system."

Finally, we turn to the remaining question as to whether the existence of liability insurance purchased by the tribe amounted to a waiver by the tribe of its governmental immunity. We think not.

First, there is nothing in the record referring to any congressional act, or to any act by the tribe, waiving the tribal immunity. In *Morgan,* supra, the Supreme Court held that the Colorado River Indian Tribe, being a dependent sovereign-immune from suit, could not be subjected to the jurisdiction of our Court without its consent or the consent of Congress. The same rule would apply here. There being nothing to show waiver or consent by the tribe, the tribe would still enjoy the immunity.

Although there are cases, such as *Beach v. City of Springfield,* supra, and *Collins v. Memorial Hospital of Sheridan County,* Wyo., 521 P.2d 1339 (1974), which have held that the purchase of liability insurance constitutes a waiver of municipal sovereign immunity, at least up to the amount of coverage, we are unable to see how we can apply the rationale of these cases to the instant case which involves tribunal immunity, especially since Congress has not waived the immunity in this case nor are we able to do so in the face of Art. 1, § 8, Clause 3 of the United States Constitution and the authorities interpreting this clause beginning with the case of *Worcester v. Georgia,* 31 U.S. (6 Pet.) 515, 8 L.Ed. 483 (1832), which would not permit this Court to do so.

Affirmed.

NELSON, P. J., Department A, and OGG, J., concur.