No. 88–415. PUEBLO OF ACOMA *v.* PADILLA. Sup. Ct. N. M. Certiorari denied. JUSTICE KENNEDY took no part in the consideration or decision of this petition. 

JUSTICE WHITE, dissenting.

Respondent Frank Padilla, a roofing consultant, filed suit in New Mexico state court alleging a breach of contract by petitioner Pueblo of Acoma, doing business as Sky City Contractors. Petitioner had hired respondent to supervise Sky City's installation of roofs on two building projects located off the Acoma Indian Reservation. The New Mexico Supreme Court held that petitioner was not protected from suit by tribal sovereign immunity. 107 N. M. 174, 754 P. 2d 845 (1988). According to the New Mexico court, a State's "exercise of jurisdiction over a sovereign Indian tribe for off-reservation conduct is solely a matter of comity." *Id.*, at 179, 754 P. 2d, at 850 (citing *Nevada* v. *Hall*, 440 U. S. 410 (1979)). Because the State of New Mexico allows breach of contract actions to be brought against itself, the court reasoned, such actions were allowable against Indian tribes as well.

This decision conflicts with decisions of the Arizona courts applying tribal sovereign immunity to off-reservation activities. In *Morgan* v. *Colorado River Indian Tribe*, 103 Ariz. 425, 427–428, 443 P. 2d 421, 423–424 (1968), the Arizona Supreme Court held that the Colorado River Indian Tribe was immune from suit for an accident at the Blue Water Marina Park, a tribal enterprise located outside the boundaries of its reservation. The court did not treat the question as one of comity; indeed, the court noted that under identical circumstances the State of Arizona would be liable. *Id.*, at 428, n. 1, 443 P. 2d, at 424, n. 1. See also *S. Unique, Ltd.* v. *Gila River Pima-Maricopa Indian Community*, 138 Ariz. 378, 380–381, 674 P. 2d 1376, 1378–1379 (App. 1983)

(breach of contract action arising out of business transaction initiated off reservation). The doctrine of tribal sovereign immunity, as applied by the Arizona courts, extends not only to an Indian tribe but also to a "subordinate economic organization" of the tribe. *White Mountain Apache Indian Tribe* v. *Shelley*, 107 Ariz. 4, 6–7, 480 P. 2d 654, 656–657 (1971); *Smith Plumbing Co.* v. *Aetna Casualty & Surety Co.*, 149 Ariz. 524, 532, 720 P. 2d 499, 507, cert. denied, 479 U. S. 987 (1986). The New Mexico Supreme Court expressly recognized that Sky City Contractors was a subordinate economic organization of petitioner, 107 N. M., at 178, 754 P. 2d, at 849 (citing *White Mountain Apache, supra*), yet nevertheless held that it was not immune from suit.

An opportunity to resolve this conflict was presented by our grant of certiorari in *Oklahoma Tax Comm'n* v. *Graham*, 488 U. S. 816 (1988), although we ultimately decided the case on other grounds. In that case, two questions were before us: whether the case had been properly removed to federal court and whether tribal sovereign immunity barred an action to collect taxes "on commercial activities conducted by an Indian tribe on off-reservation lands." We held that the case had not been properly removed, *Oklahoma Tax Comm'n* v. *Graham*, 489 U. S. 838 (1989) *(per curiam)*, and as a result did not need to reach the sovereign immunity question. The present case provides an opportunity to resolve the issue we did not reach in *Graham* and thereby to resolve the conflict among the state courts.

I would grant the petition for certiorari and resolve the question on which we previously granted certiorari but did not decide.