478 So.2d 470 (1985)
SEMINOLE POLICE DEPARTMENT and Sergeant D.B. Marshall of the Seminole Police Department, Petitioners,
v.
Ramon CASADELLA, Fidel Morgado and Lazaro Alfonso, Respondents.
No. 85-1585.
District Court of Appeal of Florida, Fourth District.
November 13, 1985.
*471 Shelley H. Leinicke of Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Fort Lauderdale, for petitioners.
Saul J. Morgan of Boiko and Morgan, Miami, for respondents.
BARKETT, Judge.
Petitioners, the Seminole Police Department and Sergeant D.B. Marshall of the Seminole Police Department, petition us for writ of common law certiorari.
Both parties agree that petitioner, Seminole Police Department, is a subordinate economic organization of the Seminole Tribe of Florida and that petitioner, Sergeant Marshall, is an agent of the Seminole Police Department. Petitioners were sued in the trial court in an action arising from an alleged wrongful arrest.
Petitioners filed a motion to dismiss the complaint asserting, inter alia, that as a derivative economic organization and agent of the Seminole Tribe of Florida they were immune from suit under the doctrine of sovereign immunity. The trial court erroneously denied the motion to dismiss.
Respondents recognize that "an Indian Tribe is a dependent sovereign not subject to the jurisdiction of the courts of this state absent its consent or the consent of Congress." White Mountain Apache Indian Tribe v. Shelley, 107 Ariz. 4, 480 P.2d 654, 655 (1971). See also Ramey Construction Company v. Apache Tribe of Mescalero Reservation, 673 F.2d 315 (10th Cir.1982). They argue, however, that petitioners waived their right to sovereign immunity by accepting the benefits of sections 285.16 and 285.18, Florida Statutes (1983). We cannot agree that this constitutes a waiver of sovereign immunity. Immunity of the Seminole Tribe and its subordinate economic units can only be waived by the tribe itself and/or the United States Government. A state cannot waive or limit an Indian Tribe's immunity. In the landmark decision Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58-59, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978), the United States Supreme Court held:
Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers. This aspect of tribal sovereignty, like all others, is subject to the superior and plenary control of Congress. But "without congressional authorization," the "Indian Nations are exempt from suit."
It is settled that a waiver of sovereign immunity "`cannot be implied but must be unequivocally expressed.'" [Citations omitted.]
Accordingly, we grant the writ and quash the order of the trial court with directions to dismiss the complaint against petitioners.
DOWNEY and GLICKSTEIN, JJ., concur.