860 So.2d 1078 (2003)
Joseph CUPO, Appellant,
v.
SEMINOLE TRIBE OF FLORIDA, a federally recognized Indian tribe, Appellee.
No. 1D02-3048.
District Court of Appeal of Florida, First District.
December 11, 2003.
*1079 Joseph Hackney, Jr., of Joseph Hackney, Jr., P.A., Miami, for Appellant.
Donald A. Orlovsky of Kamen & Orlovsky, P.A., West Palm Beach, and Leopoldo Garcia, Jr., of Angones, Hunter, McClure, Lynch & Williams, P.A., Miami, for Appellee.
PER CURIAM.
In this workers' compensation appeal, claimant, James Cupo, filed a petition for benefits asserting that he was injured during the course and scope of his employment with the employer, the Seminole Tribe of Florida. The judge of compensation claims dismissed the petition based upon lack of subject-matter jurisdiction over the Tribe. Cupo contends that the ruling violated his right to contract under Article I, Section 10, of the United States Constitution. We affirm, because Cupo failed to show a clear, express and unmistakable waiver of sovereign immunity by the Tribe, or any Act of Congress abrogating the Tribe's sovereign immunity. See Houghtaling v. Seminole Tribe of Fla., 611 So.2d 1235 (Fla.1993). See also Middletown Rancheria of Pomo Indians v. Workers' Comp.App. Bd., 60 Cal.App.4th 1340, 71 Cal.Rptr.2d 105 (1998).
AFFIRMED.
WOLF, C.J., ERVIN and PADOVANO, JJ., concur.