890 So.2d 1152 (2004)
The MICCOSUKEE TRIBE OF INDIANS, Petitioner,
v.
Claudia Elena NAPOLEONI, Respondent.
No. 1D04-1774.
District Court of Appeal of Florida, First District.
December 15, 2004.
*1153 Claudio Riedi and Dexter Lehtinen, of Lehtinen, Vargas & Riedi, P.A., Miami, for petitioner.
Philip D. Parrish, of Philip D. Parrish, P.A., and R. Cory Schnepper, of Levine, Busch, Schnepper & Stein, P.A., Miami, for respondent.
WOLF, C.J.
The Miccosukee Tribe of Indians (Tribe) seeks (1) a writ of certiorari to review a non-final discovery order in this workers' compensation action requiring a tribal official to appear for deposition; and (2) a writ of prohibition barring any further proceedings by the Florida Department of Labor, Division of Administrative Hearings, and the Judge of Compensation Claims (JCC) in this matter. We find that the JCC lacks subject matter jurisdiction, and therefore, we grant both a writ of certiorari quashing the discovery order and a writ of prohibition barring further proceedings.
Claimant/respondent, Claudia Elena Napoleoni, was injured while working at the Miccosukee Resort and Gaming Convention Center, which is wholly owned by the Tribe. The record reflects that in November 1998 the Tribe passed a resolution establishing its own workers' benefits system and explicitly rejecting the State of Florida's workers' compensation laws. Despite this resolution, claimant filed a workers' compensation petition for benefits with the Florida Division of Administrative Hearings. The Tribe immediately moved to dismiss the claim, arguing that it had tribal immunity under the Indian Reorganization Act of 1934, 25 U.S.C 461, et. seq., and that it was not subject to Chapter 440, Florida Statutes, or the jurisdiction of the JCC. Claimant countered that the Tribe had waived tribal immunity pursuant to sections 440.04 by purchasing a workers' compensation insurance policy in 1974. The JCC delayed making a determination on the Tribe's motion to dismiss and allowed claimant to pursue discovery. We find that the JCC erred in failing to promptly dismiss the matter.
Under Florida law, it is well settled that the Indian tribes are independent sovereign governments that are not subject to the civil jurisdiction of the courts of this state. See Houghtaling v. Seminole Tribe of Florida, 611 So.2d 1235 (Fla.1993) (discussing in depth federal and state legislative history and case law of sovereign immunity of Indian tribes). As such, the Tribe and its agents are immune from suit in federal or state court without (1) a clear, explicit, and unmistakable waiver of tribal sovereign immunity, or (2) a congressional abrogation of that immunity. See Kiowa Tribe of Okla. v. Mfg. Techs. Inc., 523 U.S. 751, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998); Santa Clara Pueblo v. Martinez, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978); Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282 (11th Cir.2001) (determining that the Seminole Tribe had not waived immunity from suit under the Rehabilitation Act of 1973).
Even assuming the Tribe did purchase a workers' compensation policy in 1974, claimant's assertion that the purchase of such a policy is an explicit waiver of tribal immunity is without merit. The Tribe explicitly rejected waiver of this immunity by its 1998 resolution establishing *1154 its own tribal workers' benefits system. Therefore, the JCC had no jurisdiction.
A finding of lack of jurisdiction is supported by Cupo v. Seminole Tribe of Florida, 860 So.2d 1078 (Fla. 1st DCA 2003). There, the JCC dismissed a workers' compensation appeal based upon lack of subject-matter jurisdiction over the Seminole Indian Tribe. This court held that Cupo failed to show a clear, express, and unmistakable waiver of sovereign immunity. Although it is unclear what discovery, if any, had taken place in that case, this court relied on the case of Middletown Rancheria of Pomo Indians v. Workers' Compensation Appeals Board, 60 Cal.App.4th 1340, 71 Cal.Rptr.2d 105, cert. denied, 525 U.S. 887, 119 S.Ct. 202, 142 L.Ed.2d 165 (1998). In Middletown, the California appeals court held that state workers' compensation laws are inapplicable to Indian tribes and that state compensation courts lack subject matter jurisdiction over Indian tribes in connection with workers' compensation claims.
In Cypress v. Tamiami Partners, Ltd., 662 So.2d 1292 (Fla. 3d DCA 1995), the trial court issued a discovery order setting the depositions of two officials of the Miccosukee Tribe, the same Tribe involved in this case. The action was brought by a non-tribal company hired to manage the Tribe's bingo gaming facility. The Third District found that the trial court departed from the essential requirements of the law because the Tribe had not expressly consented to the suit, nor had Congress waived the Tribe's immunity. Id. at 1292. The discovery order here, as in Cypress, is a departure from the essential requirements of law that cannot be remedied on final appeal; therefore, we grant certiorari.
Because we find that the JCC has no jurisdiction, we grant the writ of prohibition, barring further proceedings in this matter. See Lamounette v. Akins, 547 So.2d 1001 (Fla. 1st DCA 1989) (granting writ of prohibition to prohibit JCC from determining dispute between chiropractors and E/C over payment because JCC lacked jurisdiction to resolve dispute).
WEBSTER and HAWKES, JJ., concur.