MORRIS, Judge.
The Seminole Tribe of Florida (Tribe) seeks (1) a writ of certiorari to review a nonfinal order of the trial court continuing the hearing on the Tribe’s motion to dismiss a wrongful death action for lack of subject matter jurisdiction and allowing Victoria Velasquez, as the “presumptive personal representative” of the estate of Roselindo Velasquez,[1] to conduct discovery on jurisdictional issues and (2) a writ of prohibition barring further proceedings by Velasquez and the trial court. We deny the petition for writ of certiorari but grant the petition for writ of prohibition barring further proceedings, finding that the trial court lacks subject matter jurisdiction.[2]

*231
Background

In April 2006, an employee of the Seminole Gaming and Seminole Indian Casino-Immokalee struck and killed Roselindo Velasquez with his car as the decedent attempted to walk across CR 846 in Immok-alee, Florida. On April 28, 2008, Victoria Velasquez, as the “presumptive personal representative” and wife of the decedent, filed a civil action seeking damages for the wrongful death of her husband, naming the Tribe as a defendant. Velasquez claims the Tribe is vicariously liable for her husband’s death.[3] The complaint was subsequently amended in February 2009, and in March 2009 the Tribe filed a motion to dismiss for lack of subject matter jurisdiction based upon the doctrine of tribal sovereign immunity.
The Tribe argues that it has tribal immunity under the Indian Reorganization Act of 1934, 25 U.S.C. §§ 461-479; that it has not waived its immunity in this matter; and that Congress has not abrogated the Tribe’s immunity. In support of the motion, the Tribe filed the affidavits of the tribal secretary and of a longstanding member of the tribal council, along with copies of the Tribe’s charter and Tribal Ordinance C-01-95 (Tribal Ordinance). In response, Velasquez claims that when the Tribe entered into the Seminole Tribe of Florida and State of Florida Gaming Corn-pact (Compact) on November 14, 2007, it waived its immunity.[4]
On February 24, 2010, almost a full year after the motion to dismiss was filed, the trial court heard argument on the motion and entered an order permitting Velasquez to conduct discovery limited to the issue of subject matter jurisdiction. The court delayed making a determination on the Tribe’s motion to dismiss.

Analysis

Florida law is clear that the Indian tribes are independent sovereign governments not subject to the civil jurisdiction of the courts of this state. See Houghtaling v. Seminole Tribe of Fla., 611 So.2d 1235 (Fla.1993) (discussing in detail federal and state legislative history and case law of sovereign immunity of Indian tribes). It is also well-established law in Florida that the Tribe is immune from suit brought by any third party in state or federal court without the clear and unequivocal consent of the Tribe or the clear and unequivocal consent of Congress. See Seminole Tribe of Fla. v. McCor, 903 So.2d 353, 356 (Fla. 2d DCA 2005). Pursuant to the terms of the Tribal Ordinance, clear and unequivocal consent of the Tribe may only be established through a resolution duly enacted by the Tribal Council of the Seminole Tribe of Florida sitting in legal *232 session. Any resolution purporting to waive sovereign immunity must include the purpose for the waiver and the extent to which the waiver applies. The consent of Congress must be express and may not arise from implication. Id. at 358 (citing Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978)).
Velasquez relies upon one section of the Compact, part VI, section D, paragraph five, to establish a limited waiver of immunity she argues is applicable. Part VI of the Compact is titled “Patron Dispute, Tort Claims; Prize Claims; Limited Consent to Suit,” and section D is titled “Tort remedies for Patrons.” Section D, including paragraph five, applies to patrons who claim “to have been injured in the area of the Facility where Covered Games are played.” Patrons are defined as those people who are on the premises of a facility or who have entered the Tribe’s lands for the purpose of playing authorized covered games. Compact, part III, § 0. A facility is a building of the Tribe in which the covered games authorized by the Compact are conducted. Compact, part III, §§ I, E. It is apparent that the limited waiver of sovereign immunity in part VI, section D, is not applicable to the facts of Velasquez’s claim because the decedent was not a patron injured in a Tribe facility. Therefore, the Compact does not reflect the requisite clear and unequivocal consent of the Tribe to be subject to liability under the facts of this case.
Velasquez has failed to show an express and unequivocal waiver of sovereign immunity that is applicable to her case. See Miccosukee Tribe of Indians v. Napoleoni, 890 So.2d 1152, 1153 (Fla. 1st DCA 2004); see also Cupo v. Seminole Tribe of Fla., 860 So.2d 1078, 1079 (Fla. 1st DCA 2003) (concluding that the judge of compensation claims lacked subject matter jurisdiction because the claimant failed to show a clear, express, and unmistakable waiver of sovereign immunity). Further, the unchallenged affidavits and accompanying Tribe charter and Tribal Ordinance make it clear that the Tribe has not waived its sovereign immunity. See McCor, 903 So.2d at 359.
The Tribe has established that it is entitled to tribal sovereign immunity and that the trial court is without subject matter jurisdiction in this matter. Therefore, we grant the Tribe’s petition for writ of prohibition barring further proceedings but deny the petition for writ of certiorari.
ALTENBERND and WALLACE, JJ., Concur.

. On June 23, 2010, this court ordered Victoria Velasquez to demonstrate her standing to bring the action below as the personal representative of the estate of Roselindo Velasquez. In response, Velasquez supplied this court with a certified copy of the letters of administration appointing Pedro A. Ariz as the personal representative. On July 22, 2010, on its own motion, this court substituted Pedro A. Ariz for Victoria Velasquez as the proper respondent in this action.

. This court cannot effectuate a substitution of parties in the circuit proceeding below but notes that Victoria Velasquez is not a proper party to the action. However, regardless of who the plaintiff below is, under the circum *231 stances of this case, the Tribe remains immune, and therefore, the circuit court lacks jurisdiction.

. Procedurally, this case is quite confusing. From the filings in the trial court, it appears that Alex Pickles was a security guard at the Seminole Casino Immokalee and was driving his own car home on his break to check on his wife at the time of this accident. Even if the Tribe lacked immunity, it is not obvious how it could be liable for this accident. Mr. Pickles is named as a defendant in the trial court but has not participated in this original proceeding. It is not clear from our record whether he has ever been served in the trial court proceeding. If he is a party in the trial court, nothing in our ruling today prevents an action against him as the owner and driver of the allegedly negligent vehicle.

. Although not a proper party to this action, this court considered Velasquez’s response to the Tribe's petition as Velasquez was the original respondent here and is the plaintiff below. However, as noted above, under the facts of this case, the Tribe is immune from suit and the circuit court lacks jurisdiction, regardless of whether Velasquez or the actual personal representative of the estate is the plaintiff below.