PARIENTE, J.,
concurring.
While I concur with the majority, I write separately to recommend that when the Florida Bar Appellate Court Rules Committee submits a proposed amendment as discussed in this case, the committee should consider the rule amendment more broadly and address the issue pertaining to interlocutory appeals of immunity claims in a comprehensive manner. Specifically, appellate courts have been using extraordinary writs to address different types of claims of immunity — at times in an inconsistent manner. See, e.g., Miami-Dade Cnty. v. Rodriguez, 67 So.3d 1213, 1216-19 (Fla. 3d DCA) (using a writ of certiorari to review the denial of a motion to dismiss involving sovereign immunity), review granted, 76 So.3d 938 (Fla.2011); Fuller v. Truncale, 50 So.3d 25, 27-28 (Fla. 1st DCA 2010) (using a writ of certio-rari to review the denial of a motion to dismiss involving judicial immunity); Seminole Tribe of Fla. v. McCor, 903 So.2d 353, 357-59 (Fla. 2d DCA 2005) (using a writ of certiorari to review the denial of a motion to dismiss involving tribal sovereign immunity); Citizens Prop. Ins. Corp. v. San Perdido Ass’n, 46 So.3d 1051, 1053 (Fla. 1st DCA 2010) (concluding that a writ of certiorari was improper to review the denial of a motion to dismiss involving *370 sovereign immunity), approved by Citizens Prop. Ins. Corp. v. San Perdido Ass’n, 104 So.3d 344 (Fla.2012); Seminole Tribe of Fla. v. Ariz, 67 So.3d 229, 232 (Fla. 2d DCA 2010) (granting a petition for writ of prohibition because the petitioner established it was entitled to tribal sovereign immunity and thus the trial court was without subject matter jurisdiction over the matter).
Because the second prong of certiorari review — departure from the essential requirements of law — may in many instances be ill-suited to address the discrete legal issue in a writ proceeding involving a claim of immunity, those situations may be more appropriately addressed through an ap-pealable nón-final order by amending rule 9.130. Yet, it is imperative to handle this issue in a thoughtful, studied manner and provide the appellate courts with an opportunity to provide their input because of the workload issues involved.
In light of the number of appellate decisions that have reviewed a variety of legal claims of immunity by writ of certiorari or writ of prohibition, I believe that the Rules of Appellate Procedure Committee should undertake a comprehensive review of whether the categories of non-final orders in rule 9.130(a)(3) should be expanded to include the denial of any claim of immunity where the question presented is solely a question of law.
LEWIS, LABARGA, and PERRY, JJ, concur.