DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LARRY HOWARD,**
Petitioner,

v.

**MMMG, LLC** and **MOBILE MIKE PROMOTIONS, INC.,**
Respondents.

Nos. 4D19-3538 and 4D19-3539

[June 24, 2020]

Consolidated petitions for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case Nos. 14000419 CACE (14) and 16018117 CACE (14).

Peter W. Homer and Howard S. Goldfarb of Homer Bonner Jacobs Ortiz, P.A., Miami, for petitioner.

Jeffrey B. Shalek and Gary S. Phillips of Phillips, Cantor & Shalek, P.A., Hollywood, for respondents.

PER CURIAM.

Larry Howard petitions for a writ of certiorari seeking review of circuit court orders denying his motion for summary judgment based on tribal sovereign immunity. We grant the petitions because the trial court departed from the essential requirements of law in concluding that disputed issues of material fact precluded summary judgment.

### *Background*

The Seminole Tribe ("the Tribe") is a federally recognized Native American tribe governed by a tribal council, which is duly chartered and recognized by the U.S. Department of the Interior, pursuant to section 16 of the Indian Reorganization Act of 1934.[1] The Seminole Tribe of Florida, Inc. (STOFI) is a tribal corporation, also chartered and approved by the United States Department of the Interior, pursuant to section 17 of the

---

[1] *See* 25 U.S.C. § 5123, formerly cited as 25 U.S.C. § 476.

Act. STOFI's ownership is vested in the approximately 4,000 registered members of the Tribe and a board of directors controls its operations. At all times material to this action, Howard was on the STOFI board of directors.

In 1995, the Tribe enacted Ordinance C-01-95 to address sovereign immunity and waiver of immunity. The Ordinance, which was approved by the Department of the Interior,[2] provides in part:

> One of the longstanding powers that the [Tribe] has always had and retained is its rights as a sovereign government to tribal sovereign immunity for itself, its subordinate economic and governmental units, its tribal officials, employees and authorized agents . . . .
>
> . . . .
>
> . . . [T]he [Tribe], its subordinate economic and governmental units as well as its tribal officials, employees and authorized agents are immune from suit brought by any third-party in any state or federal court absent the clear, express and unequivocal consent of the [Tribe] or the clear, express and unequivocal consent of the United States Congress. This immunity shall apply whether the Tribe or any subordinate economic or governmental unit is engaged in a private enterprise or governmental function . . . .
>
> . . . [A]ll tribal officials, employees or other authorized agents shall likewise be immune from suit brought by any third-party in any state or federal court where such tribal official, employee or other authorized agent **is either acting on behalf of [the Tribe] in the course of their agency or where the acts of such tribal official, employee or other agent, though mistaken, negligent or otherwise improper are within that degree of authority which [the Tribe] is capable of bestowing upon the agent** as a matter of federal, constitutional or tribal law . . . .

(Emphasis added).

---

[2] The validity of the Ordinance has been recognized by multiple courts. *See Seminole Tribe of Fla. v. Ariz*, 67 So. 3d 229, 231-32 (Fla. 2d DCA 2010); *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1287 (11th Cir. 2001).

Michael Wax, aka Mobile Mike, a South Florida radio personality, owns Mobile Mike Promotions, Inc. In 2011, Wax's company and STOFI entered into a joint venture agreement and formed MMMG, LLC (the "Joint Venture") to "provide promotional, advertising and marketing services" to STOFI. STOFI later violated the agreement. Wax's company and the Joint Venture (collectively "Mobile Mike") filed a complaint against STOFI and other tribal members individually. Mobile Mike alleged that STOFI officials, including Howard, acted outside the scope of their authority by directing STOFI to divert its business away from the Joint Venture to Redline Media Group, Inc. ("Redline"), which was owned by fellow tribe member Sallie Tommie.

In 2014, STOFI and the STOFI officials moved to dismiss asserting sovereign immunity. The circuit court found that STOFI was entitled to tribal sovereign immunity and entered an order dismissing with prejudice all claims against STOFI. As to the STOFI officials, the circuit court found disputed factual allegations on the issue of whether the STOFI officials were acting within the scope of their duties and did not dismiss the claims against them. This court affirmed the dismissal as to STOFI. *See MMMG, LLC v. Seminole Tribe of Fla., Inc.*, 196 So. 3d 438, 439 (Fla. 4th DCA 2016).

After this court affirmed the circuit court's dismissal, Mobile Mike commenced a new "derivative" action in 2016. The circuit court consolidated the 2014 and 2016 cases for all purposes, including discovery and trial. The new complaint alleged that STOFI officials dishonored the Joint Venture agreement by directing STOFI to divert business from the Joint Venture to other parties, including Redline.

The STOFI officials, including Howard, moved for summary judgment asserting tribal sovereign immunity. The circuit court held a hearing but deferred ruling to allow Mobile Mike to conduct additional depositions and discovery relating to Howard personally benefitting for aiding in terminating the agreement.

To oppose summary judgment, Mobile Mike then filed an affidavit from Michael Wax that states:

> Larry Howard specifically told me that he had to kill the MMMG deal because of the pressure being put on him by his sister, Sallie Tommie, to have MMMG stop doing business with Seminole Gaming. Larry Howard told me that if he helped kill the deal that "my sister would take care of me."

At the continued hearing, counsel for Mobile Mike conceded that discovery had not revealed any evidence that Howard received illicit personal benefits.

The circuit court entered its orders granting summary judgment as to the STOFI officials except for Howard, finding that "they are entitled to tribal sovereign immunity and all asserted claims against them are dismissed with prejudice." The circuit court denied summary judgment as to Howard, reasoning that the Wax affidavit created a factual dispute as to whether Howard received a personal benefit from his alleged conduct.

These petitions timely followed.

### *Discussion*

Because the court did not deny immunity "as a matter of law," and determined that there were disputed facts, we review the nonfinal order by petition for writ of certiorari. *See Seminole Tribe of Fla. v. Schinneller*, 197 So. 3d 1216, 1219 (Fla. 4th DCA 2016).[3] "The petitioner's burden [in this certiorari proceeding] is to establish that the trial court departed from the essential requirements of the law causing irreparable injury." *Id.* at 1219-20.

"[T]ribal officers are protected by tribal sovereign immunity when they act in their official capacity and within the scope of their authority . . . ." *Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla.*, 177 F.3d 1212, 1225 (11th Cir. 1999). "[A] tribal official - even if sued in his 'individual capacity' - is only 'stripped' of tribal immunity when he acts 'manifestly or palpably beyond his authority . . . .'" *Bassett v. Mashantucket Pequot Museum & Research Ctr. Inc.*, 221 F. Supp. 2d 271, 280 (D. Conn. 2002) (second alteration in original) (quoting *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 359 (2d Cir. 2000)). "[I]f the actions of an officer do not conflict with the terms of his valid statutory authority, then they are the actions of the sovereign, whether or not they are tortious under general law . . . ." *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 695 (1949)).

---

[3] In a recent decision, the Florida Supreme Court amended Florida Rule of Appellate Procedure 9.130 to permit an appeal from a nonfinal order that denies a motion that "asserts entitlement to sovereign immunity." *In re Amendments to Fla. Rule of Appellate Procedure 9.130*, 289 So. 3d 866, 869 (Fla. 2020); *see also Fla. Highway Patrol v. Jackson*, 288 So. 3d 1179, 1186 (Fla. 2020) (explaining the rationale for amending the rule). The new rule became effective on January 23, 2020 - after the time for seeking review of the order at issue in this proceeding.

As the circuit court correctly concluded when it granted summary judgment for the other STOFI officials, they were acting within the scope of their authority. None of Mobile Mike's allegations establish that Howard or any of the STOFI officials acted outside the scope of their authority. The claims against Howard involve his position on the board of STOFI: that he initiated a vote to divert business from the Joint Venture, and that he, along with the other STOFI officials, "participat[ed] in a scheme [whereby] STOFI" diverted business from the Joint Venture.

Management of STOFI is vested in the board of directors, and actions, such as entering into contracts, require a majority vote by the board of directors. Howard and the other STOFI officials could have directed STOFI's business affairs as Mobile Mike alleged only by acting in their official capacities as STOFI board members. The only evidence put forth that Howard acted outside the scope of his authority for personal gain is the Wax affidavit's assertion that "Larry Howard told me that if he helped kill the deal that 'my sister would take care of me.'"

The circuit court departed from the essential requirements of law by denying immunity based on the Wax affidavit because it required impermissible inference stacking to conclude that the phrase "take care of" meant that Howard received an illicit personal benefit and acted outside his authority.

> [I]f a party to a civil action depends upon the inferences to be drawn from circumstantial evidence as proof of one fact, it cannot construct a further inference upon the initial inference in order to establish a further fact unless it can be found that the original, basic inference was established to the exclusion of all other reasonable inferences.

*Nielsen v. City of Sarasota*, 117 So. 2d 731, 733 (Fla. 1960). "The rule that an inference may not be stacked on another inference is designed to protect litigants from verdicts based upon conjecture and speculation." *Stanley v. Marceaux*, 991 So. 2d 938, 940 (Fla. 4th DCA 2008). "[S]ummary judgment may be granted based on impermissible inference stacking." *O'Malley v. Ranger Constr. Indus., Inc.*, 133 So. 3d 1053, 1055 (Fla. 4th DCA 2014).

The Wax affidavit failed to establish that Howard received an improper personal benefit. Even when he was questioned directly what he thought "take care of" means, Wax testified that he did not know. The Wax affidavit did not create a disputed issue of material fact to defeat summary

5

judgment as there is no evidence that Howard acted outside the scope of his authority. Mobile Mike's claims against Howard relate to his acts in an official capacity and actions taken through his administrative role within STOFI.

## Conclusion

The circuit court departed from the essential requirements of law when it denied the motion for summary judgment as to Howard. This harm is irreparable if immunity is not given its intended effect.

Accordingly, the petitions for writ of certiorari are granted.

*Petitions granted.*

WARNER, DAMOORGIAN and CIKLIN, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

6